IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSE JOHNSON,

      Petitioner,

    v.

WARDEN, ALLEN
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:20-CV-00785
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, these are the circumstances here. It is therefore **RECOMMENDED** that this action be **DISMISSED**.

    I.    **BACKGROUND**

Petitioner challenges his January 1997 convictions after a jury trial in the Franklin County Court of Common Pleas on charges of aggravated murder and murder. On February 10, 1997, the trial court imposed a sentence of thirty years to life imprisonment. On May 5, 1998,

the Ohio Tenth District Court of Appeals affirmed the trial court's judgment. *State v. Johnson*, 10th Dist. No. 97AP03-315, 1998 WL 226441 (Ohio Ct. App. May 5, 1998). On September 23, 1998, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Johnson*, 83 Ohio St.3d 1430 (Ohio 1998).

More than seventeen years later, on April 13, 2016, Petitioner filed an application for re-testing of DNA evidence. The State agreed to re-test the DNA, thereby conclusively confirming the presence of the DNA of Leon Carter, one of the alleged victims, in blood stains taken from Petitioner's shoes:

> Specifically, one sample showed DNA to be included within the sample that was consistent with Leon Carter and 1 in 20,000,000 unrelated individuals. . . . Both other samples revealed DNA that was consistent with Leon Carter and Fewer than 1 in 1,000,000,000 unrelated individuals.

(*Memorandum Decision*, Doc. 3, PAGEID # 71).

Upon the State's submission of DNA re-testing results, on September 21, 2016, the trial court found Petitioner's motion for DNA testing to be moot, striking Petitioner's objection to the re-testing report as baseless. (PAGEID # 72). On July 17, 2017, the appellate court affirmed the trial court's judgment. (*Memorandum Decision*, Doc. 3, PAGEID # 71).

Petitioner apparently did not file an appeal. Instead, on January 12, 2018, and May 22, 2018, he filed a motions to vacate his convictions. On June 7, 2018, the trial court denied those motions as untimely and barred by *res judicata*. *See State v. Johnson*, 10th Dist. No. 18-AP-821, 2019 WL 2522005, at *1 (Ohio Ct. App. June 18, 2019). On June 18, 2019, the appellate court affirmed the trial court's judgment. *Id.* Petitioner filed a motion for reconsideration and motion to certify a conflict. On August 22, the appellate court denied Petitioner's motion for reconsideration and motion to certify a conflict. (*Memorandum Decision*, Doc. 3, PAGEID #

2

90). On November 12, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Johnson*, 157 Ohio St.3d 1486 (Ohio 2019).

On February 11, 2020, Petitioner filed this *pro se* habeas corpus petition. He asserts that the trial court abused its discretion in denying his post-conviction petition (claim one);[1] that the prosecutor committed misconduct by knowingly withholding evidence and submitting incomplete or falsified reports to confirm inconclusive test results and violating scientific standards relating to DNA testing (claim two); that the evidence was insufficient to sustain his convictions based on the State's misrepresentation and submission of false and incomplete DNA evidence (claim three); and that he was denied the effective assistance of trial and appellate counsel (claim four).

## II.     STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Errors in state post conviction proceedings do not provide a basis for relief. *See Williams v. Jenkins*, No. 2:16-cv-666, 2016 WL 4394136, at *2 (S.D. Ohio Aug. 18, 2016) (citing *Wright v. Lazaroff*, 643 F.Supp.2d 971, 990-91 (S.D. Ohio 2009)).

3

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.

A District Court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4, *see Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198).

Petitioner's judgment of conviction became final under the provision of § 2244(d)(1)(A) in December 1998, when the ninety day time period expired to file a petition for a writ of *certiorari* with the United States Supreme Court from the Ohio Supreme Court's September 1998 dismissal of Petitioner's direct appeal. *See Smith v. Ohio, Department of Rehabilitation and Correction*, 331 F. Supp. 2d 605, 613 (N.D. Ohio 2004) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000)). Under this scenario, the statute of limitations expired one year later, in September 1999. Petitioner waited more than twenty years, until February 2020, to file this habeas corpus petition.

And Petitioner's motion for re-testing of DNA evidence and post-conviction petition did not toll the running of the statute of limitations under the provision of § 2244(d)(2), as the statute of limitations had already long since expired. "The tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Petitioner nonetheless appears to argue that he did not discover the basis for his claims until the State conducted re-testing of DNA evidence. (*Petition*, Doc. 3, PAGEID # 63–64). Under 28 U.S.C. § 2244(d)(D), the statute of limitations does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Thus, under this provision, "the year begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Samson v. Bradshaw*, No. 10CV0686, 2011 WL 5086382, at *6 (N.D. Ohio Sept. 27, 2011) (citation omitted). "In other words, § 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond v. Jackson*, 295 F.Supp.2d 767, 772 (E.D. Mich. 2003) (citation omitted). "[N]ew information discovered 'that merely supports or strengthens a claim that could have been properly stated without the discovery is not a "factual predicate" for purposes of triggering the statute of limitations under § 2244(d)(1)(D).'" *Aquila v. Eppinger*, No. 1:18cv1118, 2019 WL 6221289, at *5 (N.D. Ohio Feb. 27, 2019) (quoting *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013)) (internal citation omitted).

Here, even assuming that the provision of 28 U.S.C. § 2244(d)(1)(D) applies to Petitioner's claims, this action remains untimely. Under such a scenario, the statute of limitations began to run, at the latest, on August 31, 2017, forty-five days after the appellate court's July 17, 2017, decision dismissing Petitioner's appeal on re-testing of DNA evidence, when the time period expired to file an appeal to the Ohio Supreme Court. The statute of limitations expired one year later, on August 31, 2018. Petitioner waited more than one year and five months, until February 11, 2020, to file this habeas corpus petition. Again, Petitioner's subsequent post-conviction petitions did not toll the running of the statute of limitations because

5

the state courts denied those actions as untimely. *See Pace v. Guglielmo*, 544 U.S. 408, 417 (2008) ("[T]ime limits, no matter their form, are 'filing' conditions," and where the state court rejects a post conviction or collateral action as untimely, it is not "properly filed" so as to toll the running of the statute of limitations under § 2244(d)(2)).

Moreover, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida,* 560 U.S. 631, 649 (2010) (To obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

### III. RECOMMENDED DISPOSITION

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report

and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: March 9, 2020                             /s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE