**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JOSE JOHNSON,

      Petitioner,

    v.

WARDEN, ALLEN
CORRECTIONAL INSTITUTION,

      Respondent.

CASE NO. 2:20-CV-00785
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

On March 9, 2020, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the petition for a writ of habeas corpus be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).  (ECF No. 4.)  Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation.  (ECF No. 5.)

He objects to the dismissal of his claims as untimely based on his claim of prosecutorial misconduct and the purported falsification and misrepresentation of DNA evidence that did not comply with scientific standards.  Petitioner further maintains that the state courts improperly denied his post conviction petitions as untimely and barred under Ohio's doctrine of *res judicata.*

For the reasons already addressed by the Magistrate Judge, these arguments are not persuasive.  Even construing the statute of limitations in the light most favorable to the Petitioner, this action remains untimely.  Under such a scenario, the statute of limitations expired, at the latest, in August 2018.  Nonetheless, Petitioner waited more than one year and five months, until February 11, 2020, to file this habeas corpus petition.  Further, the record does not indicate that the appellate court improperly denied Petitioner's January and May 2018

motions to vacate as untimely. *See State v. Johnson*, 10th Dist. No. 18AP-821, 2019 WL 2522005 (Ohio Ct. App. June 18, 2019). Moreover, this Court is bound by the appellate court's interpretation of its own rules. *See Veliev v. Warden*, *Chillicothe Correctional Inst.*, No. 2:12-cv-00346, 2014 WL 4805292, at * (S.D. Ohio Sept. 26, 2014) (citing *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (this court must "defer to a state court's interpretation of its own rules of evidence and procedure") (citations omitted); *Bennett v. Warden, Lebanon Correctional Inst.*, 782 F.Supp.2d 466, 478 (S.D. Ohio March 15, 2011) ("[T]he state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters.") (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state law questions.")). "Absent 'extreme circumstances' where it appears that the state court's interpretation is 'an obvious subterfuge to evade consideration of a federal issue' this Court is bound by the state courts' definition of its own rules." *Id*. (citing *Bennett,* 782 F.Supp.2d at 479 (citing *Warner v. Zent*, 997 F.2d 116, 133 (6th Cir. 1993)). Such are not the circumstances here.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the foregoing reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 5) is **OVERRULED**. The Report and Recommendation (ECF No. 4) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v.*

*Fisher*, ––U.S. ––––. ––––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action as time-barred. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

  **IT IS SO ORDERED.**

DATED: April 27, 2020          ALGENON L. MARBLEY
                   **CHIEF UNITED STATES DISTRICT JUDGE**